Abbott J. REEVES, Plaintiff-Appellant,

v.

Louis O. GUIFFRIDA, Director, Federal Emergency Management Agency, et al., Defendants-Appellees.

No. 84–3308.

United States Court of Appeals, Fifth Circuit.

April 8, 1985.

Abbott J. Reeves, Gretna, La., pro se.

John P. Volz, U.S. Atty., Richard M. Martin, Jr., P. Kevin Colomb, New Orleans, La., Susan Kantor Bank, Washington, D.C., for defendants-appellees.

Before CLARK, Chief Judge, WISDOM, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The plaintiff, Abbott J. Reeves, filed claims with the defendant government agency, Federal Emergency Management Agency, for flood damages under a Standard Flood Insurance Policy. After the defendant twice denied the claim, Reeves filed suit in federal district court. The court dismissed the complaint on the ground that the plaintiff failed to file a sworn proof of loss statement, as required by the policy. We reverse and remand for further proceedings.

I.

The plaintiff's home in Metairie, Louisiana, was damaged by flooding on April 24, 1982. The insured carried a Standard Flood Insurance Policy (SFIP) No. FLI–1085–8959–7 issued by the defendant Federal Emergency Management Agency (FEMA). Immediately after the flood, Reeves notified FEMA that he had a claim under the policy. FEMA sent an adjustor to inspect the house and learn the details of the losses and the circumstances under which the losses occurred. Reeves asserts that the adjustor told him that all conditions of claim had been complied with and that FEMA's determination would be forthcoming. FEMA denied the claim on the ground that the damage was caused by hydrostatic pressure not related to a general condition of flooding, a cause that was excluded under the terms of the policy. Later another adjustor visited the plaintiff's home and assured the plaintiff that a reevaluation would be made. Again FEMA denied the claim.

Reeves filed a complaint in district court seeking recovery of money damages from FEMA under the insurance policy. He predicated jurisdiction upon 42 U.S.C. § 4072, which provides that upon the disallowance of a claim for losses under the federal flood insurance program, the claimant may institute an action in district court within one year after the date of mailing of the notice of disallowance. The defendant filed a motion to dismiss under Fed.R.Civ. Pro. 12(b)(1) on the ground that the plaintiff had failed to submit a sworn proof of loss within 60 days of the damage. Because the insurance policy made a timely filing of a proof of loss form a prerequisite to a suit on the policy, the defendant contended that the court did not have subject

matter jurisdiction. The district court granted the motion to dismiss without an opinion, and the plaintiff appealed.

## II.

### A. The Standard of Review

■ We must first decide whether the district court had subject matter jurisdiction. FEMA contends that the proof of loss requirement is a condition precedent to an insured's right to sue under the SFIP, and that the plaintiff's failure to file such a form precludes this action entirely. Although FEMA filed its motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, we conclude that its "jurisdictional" challenge is inseparable from the merits of the legal issue, that is, whether failure to file the proof of loss precludes recovery on the policy.

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides ... a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) (for failure to state a claim upon which relief can be granted) or Rule 56 (summary judgment)

—both of which place greater restrictions on the district court's discretion. *Williamson v. Tucker*, 5 Cir., 645 F.2d 404, 415, *cert. denied*, 1981, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212.

The plaintiff's invocation of 42 U.S.C. § 4072 was not insubstantial and frivolous, for that section allows a claimant to institute an action in district court within one year after a claim for losses under the federal flood insurance program has been disallowed. It is undisputed that the plaintiff's claim was disallowed, and this suit was timely instituted. We therefore hold that the district court had jurisdiction of the action, and we treat its dismissal as one under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Our review of the dismissal is based upon the familiar rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief".[1] *Conley v. Gibson*, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80.

### B. The District Court Erred in Dismissing the Case

■ The plaintiff argues that the district court erred in dismissing this action, because under the facts of this case the government should be estopped from asserting the failure to file a proof of loss as a defense to the claim. The Supreme Court recently noted that "it is well-settled that the Government may not be estopped on the same terms as any other litigant". *Heckler v. Community Health Services*, 1984, —— U.S. ——, ——, 104 S.Ct. 2218,

---

1. FEMA in its brief treats the dismissal as if it were based on a grant of summary judgment, and argues that the standard of review in this Court should therefore be whether there were any genuine issues of material fact. Although we are treating the dismissal as if it were under Rule 12(b)(6), rather than under Rule 12(b)(1) as originally cast, we find no evidence in the record that the district court treated the motion for dismissal as one for summary judgment. There are in the record no affidavits or other material outside the pleadings that would con-

vert the Rule 12(b)(6) motion into one for summary judgment under the last sentence of Rule 12(b). Moreover, the record shows no evidence that the notice provisions of the last sentence of Rule 12(b) were complied with. Finally, the judgment entered by the district court refers only to "the motion of defendants to dismiss". Because that motion was a Rule 12(b) motion, and not a motion for summary judgment, there is no basis in the record for FEMA's conclusion, argued in its brief on appeal, that the district court granted summary judgment.

**1144**

2224, 81 L.Ed.2d 42, 52. One who would invoke estoppel against the government for the acts of its agents bears a heavy burden of proof. The Supreme Court has not articulated a standard governing the conditions under which the government may be estopped, stating only that a "private party surely cannot prevail without at least demonstrating that the traditional elements of an estoppel are present". *Id.* at ——, 104 S.Ct. at 2224, 81 L.Ed.2d at 53.

FEMA responds that the majority of courts considering the issue have concluded that anything less than strict compliance with the SFIP's proof of loss requirement bars recovery under the policy.[2] This is the first case before this Court to raise the issue. We intimate no view on the merits of this issue, however, because for purposes of our review of the dismissal of this case, we hold only that it does not "appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Conley v. Gibson,* 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80.

The plaintiff points to two cases that have invoked estoppel against FEMA. In *Meister Bros. v. Macy,* 7 Cir.1982, 674 F.2d 1174, the Court invoked the doctrine against FEMA where an adjustor had been investigating the loss and negotiating the amount of the loss to be submitted for reimbursement. It was the ordinary practice of the adjustor not to prepare a proof of loss until the parties had reached an agreement on the amount of the loss. Three months after the deadline for filing a proof of loss under the policy, the plaintiff executed a proof of loss prepared by FEMA that covered the contents of a building damaged by flooding. The adjustor continued to investigate and negotiate with the plaintiff on the amount to be reimbursed for damage to the building itself. No settlement was ever reached for damages to the building and the plaintiff filed suit for such damages. FEMA raised as a defense the plaintiff's failure to file a proof of loss. The Court held that FEMA's acceptance more than three months late of a partial proof of loss form for the building contents, coupled with its continuing negotiations with the plaintiff with respect to the damages to the building, were sufficient to estop FEMA from asserting as a defense the plaintiff's failure to file a proof of loss. The Court emphasized that "we limit our holding to the facts of this case and do not intend to intimate in any way an appropriate standard for resolution of future cases" presenting a claim for estoppel against the government. *Id.* at 1177.

In *Dempsey v. Director, Federal Emergency Management Agency,* E.D.Ark.1982, 549 F.Supp. 1334, the plaintiff had two claims for flood damage—one in 1978 and one in 1979. An adjustor inspected the house for the 1978 claim and computed the plaintiff's loss to be $918.17. A proof of loss form showing that amount was sent to the plaintiff about a year after the damage, and FEMA was willing to pay that amount if the plaintiff had signed and returned the form. Instead, the plaintiff marked out the amounts on the form, filled in his own amounts claimed as damages, and signed and returned the form. No proof of loss form of any kind was ever filed with respect to the 1979 claim. The court held that the plaintiff's total failure to file a proof of loss with respect to the 1979 claim barred suit on that claim, but held that FEMA was estopped from asserting that defense with respect to the 1978 claim. The court found the *Meister* case persuasive in resolving the issue. Although, unlike *Meister,* actual payment of part of the plaintiff's claim had not been made, the court noted that the government would have paid the 1978 claim if the plaintiff had not rejected it. The court therefore held that, "under the unique circumstances of the December 1978 claim and its treatment", the government was estopped from

---

**2.** *See, e.g., Margate City Yacht Club v. Federal Emergency Management Agency,* No. 82–2291 (D.N.J. July 15, 1983), *aff'd without opinion,* 3 Cir.1984, 732 F.2d 146; *West Augusta Develop-ment Corp. v. Giuffrida,* 4 Cir.1983, 717 F.2d 139; *Pavone, Inc. v. Secretary of HUD,* D.Conn. 1982, 547 F.Supp. 230.

asserting the defense with respect to that claim. *Id.* at 1340. The court noted that the injury to the plaintiff would be great if estoppel were denied, while injury to the public treasury and weakening of the purpose underlying the proof of loss requirement would be small. *Id.*

■ We hold that the existence of the *Meister* and *Dempsey* decisions is enough to preclude a ruling that there is "beyond doubt ... no set of facts" under which the plaintiff could prevail. This is sufficient to preclude dismissal of the plaintiff's case under Rule 12(b)(6). We express no view on whether the plaintiff can, based on the facts of this case, estop the government from asserting the failure to file the proof of loss as a defense.

### III.

The judgment of the district court dismissing the case is REVERSED and the case is REMANDED for further proceedings.