**Joy D. MOYER, an unmarried woman, Plaintiff,**

v.

**DIRECTOR OF THE FEDERAL EMERGENCY MANAGEMENT AGENCY, Defendant.**

**No. Civ 86–1315 PCT EHC.**

United States District Court, D. Arizona.

July 27, 1989.

Paul Lenkowsky, Bullhead City, Ariz., for plaintiff.

Stephen M. McNamee, U.S. Atty., D. Arizona, and Michael A. Johns, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

CARROLL, District Judge.

Plaintiff, Joy D. Moyer, filed this action to recover under a flood insurance policy issued by the National Flood Insurance Program (NFIP), and administered by the Federal Emergency Management Agency (FEMA). Plaintiff alleges in paragraph V of her complaint that flooding of the Colorado River "resulted in erosion and undermining of shoreline which caused the collapse and/or subsidence of Plaintiff's land and resulting damage to Plaintiff's residence...."

Defendant FEMA filed a motion for summary judgment based on plaintiff's failure to timely file a proof of loss form with FEMA as required by the policy, and that the loss from the particular peril is not covered under the policy. Plaintiff contends that FEMA is estopped from asserting the failure to file the proof of loss because of certain actions by FEMA associated with processing her claim. For the reasons stated in this order, the motion of defendant FEMA for summary judgment will be granted.

## BACKGROUND

Upon review of the record, including affidavits and exhibits filed in conjunction with the motion for summary judgment, the Court finds the undisputed facts to be as follows:

Plaintiff is the owner of a single family residence at 1871 Riverside Drive, Bullhead City, Arizona, which is situated on the banks of the Colorado River. In addition to the residence, there is a separate bathhouse on the property. Plaintiff procured two standard flood insurance policies (SFIP) from NFIP for the period from July 25, 1983 to July 25, 1984. One policy covered the residence; the other, the bathhouse.

In September 1983, due to a heavy snow pack in the Colorado mountains, dams along the river were forced to release greater than normal flows. This caused the level of the Colorado River to rise sufficiently to cause flooding in the Bullhead City area.

The record indicates that plaintiff contacted the issuing agent in mid-September about damage from the flooding. On September 22, 1983, upon referral from the agent, an adjuster for NFIP surveyed the damage. However, the policy numbers on the reports associated with this investigation reflect a claim only as to the bathhouse; there is no evidence of notice of any claim as to the residence at this time. The report itself mentions only damage "to the out building used primarily as a dressing or bath house." Because there was no evidence of structural damage at that time, the water levels still remained high, and there was the possibility of settling, the claim was withdrawn in November 1983.

In early 1985, plaintiff reasserted her claim for damage to the bathhouse, and in addition, made a claim for damages to the residence. Plaintiff then filed a Notice of Loss as to the bathhouse claim on June 27, 1985.

An adjuster investigated the claims on August 12, 1985. On that same date, FEMA notified plaintiff that her claims were being denied based on an exclusion under the policy. As a result of plaintiff's objections to FEMA's determination, the file was reviewed and the decision reconsidered. On September 10, 1985, FEMA notified plaintiff that it would settle as to the bathhouse claim only, and transmitted full payment for that damage in the amount of $2,763.00. FEMA persisted in its denial of the claim for the residence, based on the finding that the damage was not caused by "Direct Physical Loss By or From Flood," but rather by land subsidence, an excludible peril under the policy. Plaintiff subsequently filed this lawsuit to recover for the damage to the residence.

## DISCUSSION

FEMA initially denied plaintiff's claim for flood damage to the residence based on a determination that the damage was not caused by a peril covered under the policy. In its denial, (and other correspondence regarding plaintiff's policies and/or claims) FEMA explicitly reserved "all rights and defenses under our policy." Thereafter, in the motion for summary judgment, FEMA also contends that the plaintiff's claim is barred by her failure to file a Proof of Loss within 60 days, as required by the policy.

### A.  Proof of Loss

■ Article VIII, "General Conditions and Provisions," of the plaintiff's SFIP on the residence contains the following relevant provisions:

I.  **Requirements in Case of Loss:** Should a flood loss occur to your insured property, you must:

1.  Notify us in writing as soon as practicable;

    . . . .

4.  Within 60 days after the loss, send us a proof of loss, signed and sworn to by you . . .;

5.  The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you to complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss form within 60 days after the loss even if the adjuster does not furnish the form or help you complete it. . . .;

    . . . .

**Q. Conditions for Filing a Lawsuit:**
You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy....

There is no dispute that plaintiff did not file a Proof of Loss form as to the residence within the time required by the policy. To the extent it is relevant, there is also no genuine dispute as to whether plaintiff otherwise provided notice of the claim within that time. Although plaintiff generally contends that she gave notice of the claim shortly after it occurred in September 1983, as discussed previously, the documents relating to this claim and its investigation show only a claim as to the bathhouse—which FEMA subsequently paid. FEMA contends that it first became aware in early 1985 of any claim under the policy covering the residence. Plaintiff has provided no evidence to the contrary.

There is no genuine dispute as to whether plaintiff filed a Proof of Loss form, or in fact, provided any notice of the claim within the 60 day period provided in paragraph I of the General Conditions and Provisions section of the policy. Paragraph Q further provides that the plaintiff may not sue unless she complied with all requirements of the policy. Accordingly, without some legally valid excuse, defendant is entitled to summary judgment on this issue.

Plaintiff contends that FEMA is estopped from asserting plaintiff's failure to file a proof of loss form due to its actions in processing the claim. Plaintiff relies on cases from other circuits holding that the failure to file a timely proof of loss statement is not necessarily fatal to their claims under the policy. See *Quesada v. Director, Federal Emergency Management Agency*, 577 F.Supp. 695 (S.D.Fla.1983), *aff'd* 753 F.2d 1011 (11th Cir.1984); *Meister Bros., Inc. v. Macy*, 674 F.2d 1174 (7th Cir.1982); *Reeves v. Giuffrida*, 756 F.2d 1141 (5th Cir.1985). As plaintiff contends, these cases generally hold that FEMA may be estopped from asserting the Proof of Loss requirement in particular circumstances 1) where the claimants have demonstrated that they were affirmatively misled into thinking the filing was not necessary by the conduct of the claims adjuster, 2) where there is no prejudice to the insurer, and 3) where it can be inferred that the insurer was otherwise on notice of the claim and information that would have appeared on the proof of loss form. See 577 F.Supp. at 698. However, the circumstances in this case are distinguishable from these cases.

In the instant case, plaintiff has not presented evidence to satisfy the test for estoppel which she espouses. As to the bathhouse claim, there is some evidence in the record of an investigation and correspondence from FEMA suggesting that they had the information, would not be prejudiced and had notice of the claim. FEMA eventually paid on this claim. However, the record is devoid of any evidence of affirmative actions as to the residence which would mislead plaintiff into thinking the form was not necessary.

Plaintiff argues extensively that certain actions of FEMA, particularly the apparent loss of the original file on the bathhouse claim and its investigation in September 1983, the subsequent investigation of both claims in August 1985, and the failure of the adjuster and FEMA to provide the form, constituted affirmative actions upon which estoppel should be applied. However, as discussed previously, the record shows that the claim plaintiff made in September 1983 pertained only to the bathhouse. In fact, it does not appear from the record that plaintiff was aware of any damage to the residence at that time. There is no evidence of any notice of claim as to the residence, any investigation, or that FEMA took any affirmative actions, misleading or otherwise, concerning this claim prior to August 1985, after the time for filing of the Proof of Loss had passed. Thus, the circumstances of this case are distinguishable from those finding estoppel. In addition, these cases were decided under a prior version of the SFIP. The newer version, plaintiff's policy, contains more specific language as to the importance of the obligation of the insured to file a proof of loss.

Moreover, in a recent decision, the Ninth Circuit addressed the issues presented in this case, under similar facts, and held that the insured's failure to file a proof of loss form barred an action to recover. *Wagner v. Director, Federal Emergency Management Agency*, 847 F.2d 515 (9th Cir.1988). In deciding the estoppel issue, the Ninth Circuit relied upon an analysis of estoppel against the federal government, and held that application of estoppel required " 'affirmative misconduct going beyond mere negligence'; even then, 'estoppel will only apply where the government's wrongful act will cause serious injustice, and the public's interest will not suffer undue damage by imposition of liability.' " 847 F.2d at 519, quoting *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir.1985). In the instant case, there is no evidence in the record of any conduct satisfying this test—in regard to either claim.

As the Ninth Circuit discussed in *Wagner*, the SFIP at issue in this case specifically and clearly states that the insured has the obligation to procure and file a proof of loss form, whether or not the adjuster provides the form. See Art. VIII, ¶ I, (supra). Further, paragraph D of Art. VIII, provides that "no provision [of the SFIP] shall be altered, varied, or waived other than through the issuance of an appropriate amendatory endorsement, approved by the [Federal Insurance] Administrator as to form and substance for uniform use."

Accordingly, the court finds that FEMA is not estopped from asserting the failure to file a proof of loss form. Thus, as discussed previously, plaintiff is barred from maintaining this action under the terms of the policy for failure to comply with all requirements. The Court finds that there is no genuine issue of material fact and that plaintiff is entitled to summary judgment as a matter of law on the issue of plaintiff's failure to timely file a proof of loss form.

### B. *Exclusion*

FEMA also contends that it is entitled to summary judgment in that the damage to the residence was caused by a peril not covered under the policy.

The policy insures against "Direct Physical Loss By or From Flood", defined as any loss in the nature of actual loss of or physical damage, . . . to the insured property . . . which is directly and proximately caused by a "flood". However, the SFIP also expressly excludes coverage for "[l]oss caused by . . . earthquake, land sinkage, land subsidence, landslide, gradual erosion or any other earth movement except mudslides or erosion as covered under the peril of flood." Art. III, ¶ A(1).

Here, plaintiff alleges that the damage to plaintiff's residence was caused by land subsidence or settlement of the concrete slab at the base of plaintiff's residence. In support of her contention that the damage is covered, plaintiff again cites *Quesada*, 577 F.Supp. 695. However, the Ninth Circuit has held, under similar circumstances, that the earth movement exclusion is determinative. *Wagner*, 847 F.2d 515, 522 (9th Cir.1988), citing the dissent in *Quesada* on Appeal, 753 F.2d 1011, 1015 (11th Cir.1984). In *Wagner*, floodwaters caused the groundwater to rise, destabilizing the subsurface and leading to a landslide. The Court held that the loss, due to landslide, was excluded by the earth movement exception. The Court also rejected a proximate cause argument, holding that where the insurer exercises its right to limit coverage, plain language of that limitation must be observed. *Id.*, at 522. In *West v. Harris*, 573 F.2d 873 (5th Cir.1978), the Fifth Circuit also addressed a situation involving similar circumstances, damage to a residence caused by a sinking slab caused by subsidence after a flood, and found the earth movement exclusion to be determinative.

The circumstances in the instant case are not materially different from *West* or *Wagner*. The damage in this case was caused by a peril excluded under the SFIP, and is not covered under the policy. Accordingly, there is no genuine issue of material fact and FEMA is entitled to summary judgment as a matter of law on the issue of coverage under the policy.

In view of the foregoing, it is hereby

ORDERED granting the motion for summary judgment in favor of defendant Director of the Federal Emergency Management Agency.

IT IS FURTHER ORDERED that this action is dismissed with prejudice.