**EXIM MORTGAGE BANKING CORP., Plaintiff,**

**v.**

**James L. WITT, Director of the Federal Emergency Management Agency and National Flood Insurance Program, Defendant.**

**Civil Action No. 3–97–CV–01625(JCH).**

United States District Court,
D. Connecticut.

Feb. 26, 1998.

Seth J. Arnowitz, Law Offices of Frank Peluso, P.C., Stamford, CT, for Plaintiff.

Thomas V. Daily, U.S. Attorney's Office, Hartford, CT, for Defendant.

### RULING ON MOTION TO DISMISS

HALL, District Judge.

In this suit, plaintiff Exim Mortgage Banking Corp. seeks to recover for flood damages under an insurance policy with the Federal Emergency Management Agency (FEMA). On the basis of plaintiff's failure to file a sworn proof of loss within 60 days of the date of the loss, the defendant filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim upon which relief can be granted under Rule 12(b)(6). In the alternative, defendant seeks summary judgment on the same grounds. For the reasons set forth in this ruling, defendant's motion to dismiss under Rule 12(b)(1) will be granted.[1]

The policy which forms the basis of the action was issued under the National Flood Insurance Program and covered a single family dwelling owned by the plaintiff in Milford, CT.[2] Under the terms of the Standard Flood Insurance Program ("SFIP") policy, in order to qualify for flood insurance benefits, a claimant must submit a signed and sworn proof of loss to FEMA within 60 days after the loss has occurred. Specifically, Article 9, ¶ J(3). of Exim's SFIP policy provides in relevant part:

> Requirements in Case of Loss: Should a flood loss occur to the insured property, the insured must:
>
> 1. Notify the Insurer in writing as soon as practicable;
>
> . . .
>
> 3. Within 60 days after the loss, send the Insurer a proof of loss, which is the Insured's statement as to the amount it is claiming under the policy signed and sworn to by the Insured and furnishing [certain] information[.]

Doc. # 13, Exh. 3. *See also* 44 C.F.R. pt. 61, App. A(1), Art. 9, ¶ J(3).

On April 16, 1996, Exim's SFIP-insured property sustained significant flood damage. FEMA received the first notice of loss on June 28, 1996. On October 14, 1996, nearly four months after the expiration of the sixty-day period for filing a proof of loss, plaintiff submitted its first proof of loss form.[3] On October 16, 1996, FEMA advised plaintiff that the deadline for filing the proof of loss had expired on June 16, 1996, that the October 14th submission did not constitute a com-

---

1. When, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), matters outside of the pleadings may be considered. *See Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976).

2. The National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001–4129, established the National Flood Insurance Program ("NFIP"). Pursuant to 42 U.S.C. § 4071, the Federal Emergency Management Agency ("FEMA") is principally responsible for SFIP. FEMA by regulation promulgated the Standard Flood Insurance Program ("SFIP") and provided for marketing and claims adjustment by private insurers operating as "Write–Your–Own" ("WYO") companies. In this case, plaintiff purchased its policy through Coan & Bunnell, which was authorized to operate as a WYO insurance company.

3. Plaintiff insists that it "executed" a proof of loss on September 19, 1996, but does not contend that the form was submitted to the defendant at that time. *See* Doc. # 11, ¶ 8. Plaintiff acknowledges this Proof of Loss was not forwarded until October 14, 1996. *Id.*

pleted proof of loss, and that FEMA would permit plaintiff to file a completed proof of loss if done so by October 26, 1996.[4] Exim failed to meet the October 26 deadline. The plaintiff did submit another proof of loss, but not until November 5, 1996. *Id.* at ¶ 9 and Doc. # 13, ¶ 5(e) and Exh. 5.

■ The defendant contends that the court lacks jurisdiction over this action as a result of Exim's failure to comply with the proof of loss requirements of the policy. The terms of Exim's Dwelling Policy provide that:

> Conditions for Filing a Lawsuit: You [the insured] may not sue to recover money under this policy unless you have complied with all of the requirements of the policy. If you do sue, you must start the suit within 12 months from the date we mailed you notice that we have denied your claim, or part of your claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss.

Doc. # 13, Exh.3. *See also* 44 C.F.R. Pt. 61, App. A(1), Art. 9, ¶ R. FEMA relies on this provision and its treatment by the Ninth Circuit in *Wagner v. Director, Federal Emergency Management Agency*, 847 F.2d 515, 518 (9th Cir.1988), for the proposition that the procedural requirements of the SFIP, including the proof of loss, are conditions precedent to a waiver of sovereign immunity by the federal government. Since plaintiff failed to file the proof of loss within the prescribed 60 day period, the federal government argues that it retains its immunity, and this court lacks subject matter jurisdiction.

■ This Circuit has not addressed whether these procedural requirements define the scope of the government's sovereign immunity waiver and thereby the extent of federal court jurisdiction. Under the doctrine of sovereign immunity, "the United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941); *see also United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). " 'Absent a waiver, sovereign immunity shields the federal Government and its agencies from suit.... [Thus, [s]overeign immunity is jurisdictional in nature.]' " *Dorking Genetics v. United States*, 76 F.3d 1261, 1264 (2d Cir.1996) (quoting *FDIC v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994)).

■ Plainly, the proof of loss requirement is part of the conditions by which the government agrees to be sued. *Wagner*, 847 F.2d at 518. As such, the procedural requirement must be taken seriously. *Id.* "Because waivers of sovereign immunity are construed narrowly, the conditions of an insurance policy offered pursuant to a congressionally mandated program, such as the NFIP, must be strictly observed." *Id.* at 518–519 (citations omitted).

It is undisputed that the plaintiff failed to file a formal proof of loss within the 60 day period prescribed by the policy. Plaintiff appears to argue that its notice of loss to the insurer and its incomplete proof of loss, submitted four months after its due date, amount to sufficient compliance with the terms of the policy. However, the language of the federal insurance policy sets out precise requirements which the insured plainly did not meet.[5] In part, the insured is required to estimate "[t]he actual cash value or replacement cost, whichever is appropriate, of each damaged item of insured property and the amount of damages sustained" and "[t]he amount you claim is due under this policy to cover the loss ..." Doc. # 13,

---

4. In this letter, the defendant expressly reserved, and did not waive, any of its rights. Doc. # 8, Exh. H.

5. Procedural requirements in insurance policies issued under federal programs must be strictly observed. *See, e.g., Gowland v. Aetna Casualty & Surety Co.*, 960 F.Supp. 101, 104 (W.D.La.1997); *Holeman v. Director, Federal Emergency Management Agency*, 699 F.Supp. 98, 99 (N.D.Tex.1988); *Cohen v. Federal Insur. Admin.*, 654 F.Supp. 824, 826 (E.D.N.Y.1986); *see also Wagner*, 847 F.2d at 518–519 ("[b]ecause waivers of sovereign immunity are construed narrowly, the conditions of an insurance policy offered pursuant to a congressionally mandated program, such as the NFIP, must be strictly observed.")

Exh.3. *See also* 44 C.F.R. pt. 61, App. a(1), Art. 9, ¶ J(3)(d) and (I) respectively. An examination of the submission reveals that the plaintiff failed to estimate the actual cash value of its losses and the full cost of repair or replacement of the damaged property. Doc. # 8, Exh. G. Plaintiff acknowledges that the amount claimed due under the policy was stated as "undetermined" in its October submission to FEMA. Doc. # 12, p. 9. Plaintiff's failure to comply is especially difficult to comprehend in light of defendant's October 16 letter notice expressly stating the need for plaintiff to file a completed proof of loss form and providing plaintiff with a further opportunity to file by October 26, 1996.[6] In the face of this notice, plaintiff should have known that its proof of loss claim, dated September 19, 1996 and submitted on October 14, 1996, Doc. # 13, ¶ 5(d), was insufficient to comply with the policy requirements.

Plaintiff argues that the controlling statute is Title 42 of the United States Code, § 4072.[7] It claims to have satisfied the requirements of that section, which it asserts is the government's waiver of sovereign immunity. *See* Plaintiff's Memorandum, Doc. # 12 at p. 9. However, plaintiff misreads the statute.

Section 4072 of Title 42 permits a claimant to sue "upon the disallowance by the Director of any *such* claim." 42 U.S.C. § 4072 (emphasis added). "Such claim" refers back to "any claims for proved and approved losses covered by flood insurance." *Id.* A "proof of loss" that does not contain the amount the insured "is claiming" and is not filed within 60 days of the loss cannot constitute a "proved loss" covered by flood insurance. Since waivers of sovereign immunity must be strictly construed, and given that the plain meaning of the words of the statute do not waive sovereign immunity for unproved claims, the plaintiff's argument must fail.[8]

Consistent with *Wagner*, this court finds that the government retains its immunity from this suit as a result of plaintiff's failure to adhere to the proof of loss requirements of its SFIP. The court is cognizant of a different approach to the same issue adopted by the Fifth Circuit. In *Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir.1985), the court held that the jurisdictional challenge by the government is inseparable from the merits of the legal issue, namely whether a failure to file the proof of loss precludes recovery on the policy. The court concluded that the district court should find that jurisdiction exists and address the merits of the plaintiff's case. *Id.*, relying on *Williamson v. Tucker*, 645 F.2d 404, 415, *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). However, *Williamson* involved a private defendant and thus does not address a situation in which principles of sovereign immunity determine jurisdiction. None of the cases relied on by the *Williamson* court involved the federal government as the defendant. 645 F.2d at 415.

The proposition that a federal court should assume jurisdiction over a case when the jurisdictional challenge amounts to a challenge of the legal sufficiency of plaintiff's federal cause of action is articulated in *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), and has been applied in

---

**6.** Plaintiff does not dispute that it received the October 16 letter.

**7.** 42 U.S.C. § 4072 provides:

In the event the program is carried out as provided in § 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

**8.** In implementing Sections 4013, 4019 and 4072, FEMA has interpreted "proved and approved losses" to exclude a loss where an insured has failed to certify it with a proof of loss. *See* 44 C.F.R. § 62.22(a). This interpretation is entitled to judicial deference. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

cases arising in the Second Circuit. See, *e.g., Savoie v. Merchants Bank,* 84 F.3d 52, 57 (2nd Cir.1996). This proposition is inapposite here, however, where the jurisdictional challenge centers on whether the defendant government has waived sovereign immunity, and not on the sufficiency of plaintiff's federal cause of action. In *Savoie,* for example, the court rejected a challenge to subject matter jurisdiction in a securities case where the challenge was failure to satisfy Rule 9(b) pleading requirements. As the court noted, "Rule 9(b) does not define the boundaries of a federal court's jurisdiction." 84 F.3d at 57 n. 4. Cases such as *Savoie* and *Williamson* differ from the instant one for, as Justice Holmes wrote, "[m]en must turn square corners when they deal with the Government." *Rock Island, Ark. La.R.R. v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920). The failure in this case to comply with terms of the insurance policy term *does* define the boundaries of this court's jurisdiction for such failure means the government has not consented to be sued.[9]

Finally, plaintiff cites to a Seventh Circuit case in which FEMA was estopped from asserting the proof of loss requirement. However, *Meister Bros., Inc. v. Macy,* 674 F.2d 1174, 1176–77 (7th Cir.1982) is easily distinguished from the instant case. In *Meister,* FEMA was made aware of all of the information that a proof of loss form would contain before the 60 day period elapsed and had made partial payments on the claim. In the instant case, plaintiff does not and can not assert that it provided FEMA with all necessary information for a completed proof of loss within the 60 day period.[10] FEMA

9. The failure to file a completed proof of loss means first and foremost that the sovereign has not waived its immunity from suit. Of course, given that the facts are undisputed as to the failure to timely file a proof of loss that complied with the policy requirements, the *Reeves* approach would yield the same result, although under Rule 12(b)(6) or 56.

10. The Supreme Court has made clear that the doctrines of waiver and estoppel will not lie against the government absent a showing of affirmative misconduct on the part of a government agent. *Office of Personnel Mgt. v. Richmond,* 496 U.S. 414, 420–22, 110 S.Ct. 2465, 2469–70, 110 L.Ed.2d 387 (1990). *See also City of New York v. Shalala,* 34 F.3d 1161, 1168 (2d Cir.1994) (estop-

did not waive the proof of loss requirement in plaintiff's insurance policy and is not estopped from using the failure to meet the requirement as a defense to this action.

Because the plaintiff failed to file a formal proof of loss within sixty days of the date of loss, the court lacks subject matter jurisdiction over this action. Accordingly, the defendant's motion to dismiss under Rule 12(b)(1) (Doc. # 5) is **GRANTED.**

**SO ORDERED.**

pel applies to the Government "only in those limited cases where the party can establish both that the Government made a misrepresentation upon which the party reasonably and detrimentally relied and that the Government engaged in affirmative misconduct.") In the instant case, FEMA did not make any misrepresentation to plaintiff. In fact, FEMA candidly and repeatedly advised Exim of the importance of the proof of loss, and ultimately denied the claim for failure to file the proof of loss. Further, plaintiff does not claim any misrepresentation or affirmative misconduct on the part of FEMA on which it reasonably could have relied in failing to file the completed proof of loss.