### DOGWOOD GROCERY, INC.

v.

### SOUTH CAROLINA INSURANCE CO.

#### No. CIV. A. 98–1325.

United States District Court, W.D. Louisiana, Shreveport Division.

April 22, 1999.

Robert L. Pittard, Powell & Pittard, Shreveport, LA, for Debra Yielding Clements, Dogwood Grocery Inc, plaintiff.

Gerald Joseph Nielsen, Susan A. Weldon, Nielsen Law Firm, Metairie, LA, for South Carolina Insurance Co, defendant.

### *MEMORANDUM RULING*

WALTER, District Judge.

Pending before this Court is a motion for summary judgment [docket sheet item 9] filed on behalf of defendant South Carolina Insurance Company pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED,** and Plaintiff's claims against it are **DISMISSED WITH PREJUDICE.**

### *STATEMENT OF THE CASE*

Plaintiff, Dogwood Grocery Store, Inc., sustained damage as a result of flooding on April 4, 1997. Plaintiff also allegedly sustained damage as a result of flooding on April 27, 1997. In accordance with its flood insurance policy, Plaintiff timely submitted a proof of loss to South Carolina Insurance Company ("Defendant") for recovery of damages suffered on April 4.

Defendant paid and Plaintiff accepted $144.256.15 on the insurance claim.

During the repair of the building which sustained the flood damage, Plaintiff allegedly discovered damage to an extent that it had not been previously aware. Shortly thereafter, Plaintiff employed a civil engineer to inspect the property and determine whether the building met the appropriate safety standards. In his report, dated July 17, 1997, the civil engineer recommended that the building be totally disassembled. Plaintiff notified Defendant of the engineer's findings, and Defendant ordered a field damage report. That report, dated August 14, 1997, indicated the drafter's considered opinion that the building could have been repaired rather than demolished. A proof of loss was submitted on December 18, 1997 by Plaintiff for damages sustained from flooding on April 27. That claim was later rejected by Defendant.

Accordingly, Plaintiff brings this action to recover from Defendant amounts due to Plaintiff according to the terms of its flood insurance policy. Defendant moves for summary judgment on the grounds that the proof of loss filed by Plaintiff was not timely submitted.

## SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.*

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lawrence v. Univ. Of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir.1999). The moving party is not required to negate the elements of the non-moving party's case. *Lawrence*, 163 F.3d at 311. However, where the moving party bears the burden of proof on an issue, it must produce evidence that would, if uncontroverted at trial, warrant a judgment as a matter of law. *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1264–65 (5th Cir.1991), *cert. denied*, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). In the absence of any proof, the Court will not assume that the nonmoving party could or would prove the necessary facts. *Id.*

Pursuant to Local Rule 56.1, the moving party shall file a Statement of Uncontested Facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2W requires that a party opposing the motion for summary judgment set forth a

"short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for the purposes of the motion, unless specifically denied." Local Rule 56.2W.

## LAW AND ANALYSIS

In 1968, Congress established the National Flood Insurance Program to provide flood insurance at below market rates. Under this program, flood insurance policies may be issued through private insurers, who are deemed thereby as fiscal agents of the United States. *See* 42 U.S.C. § 4071. The policy at issue in the instant matter was issued by Defendant under the National Flood Insurance Program.

■ The terms and conditions of all federal flood insurance policies, including the one issued to Plaintiff, are fixed by federal regulation. 44 C.F.R. § 61.1 *et seq.* Policies must be issued in the form of a Standard Flood Insurance Policy, and no provision of the policy may be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61.4(b), 61.13(d). Moreover, the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced. *Gowland v. Aetna,* 143 F.3d 951 (5th Cir.1998). Accordingly, this court must examine the terms and conditions of the Plaintiff's policy to determine whether its claim was timely submitted.

The Standard Flood Insurance Policy issued to Plaintiff set forth a procedure to be followed in the event that a flood loss occurred to Plaintiff's property. It provided therein, *inter alia,* that the Plaintiff must "[n]otify [Defendant] in writing as soon as practicable... [and] within 60 days after the loss, send [Defendant] a proof of loss which is [Plaintiff's] statement as to the amount [it] is claiming under the policy signed and sworn to by [Plaintiff] and furnishing" Defendant with specified information. (*See* Def.'s Exh. B).

In the case *sub judice,* Defendant contends that Plaintiff's proof of loss, dated December 18, 1997, for flood damage allegedly occurring on April 27, 1997 was untimely. Plaintiff responds that the extent of the damage was not discoverable until the civil engineer examined the building. Even if this court were to suspend until discovery the 60 day period in which the insured must file a proof of loss—a question which this court need not resolve— Plaintiff's claim was not filed within 60 days of the reported findings of the civil engineer.

■ Notwithstanding, Plaintiff also contends that the original proof of loss, dated April 4, 1997, satisfied the policy's requirements because "the proof of loss requirement was included to provide the insurer with the full opportunity to investigate and defend every claim." (Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 7). The Court rejects Plaintiff's contention for two reasons. First, the proof of loss submitted on December 18, 1997, on its face, clearly requested relief for the loss occurring on April 27 rather than April 4. Furthermore, although Plaintiff suggests that the terms and conditions of the flood insurance policy contemplate an adjustment procedure which might justify the subsequent amendment of a claim, Plaintiff provides no authority and the court finds none to support the proposition that a claim which has been adjusted and for which payment has been offered and accepted may be resubmitted upon subsequent discovery of additional facts.[1] Taken together with the congressional directive of strict enforcement and construction, this court is unwilling to create such a provision.

1. The court notes that the April 4 claim was paid by Defendant in accordance with the terms and conditions of the policy.

Accordingly, respecting "the duty of all courts to observe the conditions defined by Congress for charging the public treasury", including the filing requirements pursuant to the National Flood Insurance Program, Defendant is entitled to a judgment as a matter of law. *See Gowland*, 143 F.3d at 955.

### *JUDGMENT*

PAYNE, United States Magistrate Judge.

For the reasons assigned in the foregoing Memorandum Ruling,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [docket sheet item 9] is hereby **GRANTED.**