AMBASSADOR BEACH CONDO-
MINIUM ASSOCIATION,
INC., Plaintiff,

v.

OMAHA PROPERTY AND
CASUALTY INSURANCE
COMPANY, Defendant.

No. 5:99cv6–SPM.

United States District Court,
N.D. Florida,
Panama City Division.

Jan. 24, 2001.

Steven Lawrence Applebaum, Law Office of Brian D. Hess, Panama City, FL, Judith S. Kahn, Law Office of Judith S. Kahn, Tierra Verde, FL, John F. Lakin, Barnes, Walker, Chartered, Bradenton, FL, for plaintiff.

Gerald J. Nielsen, Nielsen Law Firm, Metairie, LA, Charles Vincent Peppler, Vernis & Bowling of NWFL PA, Pensacola, FL, for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

MICKLE, District Judge.

Pending before the Court is the Motion for Summary Judgment (doc. 22) filed by Defendant Omaha Property and Casualty Insurance Company. The parties have had the opportunity to fully brief the issues and to submit materials in accordance with Northern District of Florida Local Rules 56 and 7.1. For the reasons explained below, the Court finds that Defendant is entitled to judgment as a matter of law. The motion for summary judgment will therefore be granted.

### I. Background

Plaintiff Ambassador Beach Condominium Association, Inc. (Ambassador) has petitioned the Court for appointment of an

umpire to preside over an appraisal of a flood insurance claim. The flood insurer, Defendant Omaha Property and Casualty Insurance Company (Omaha), denies that the claim can be paid under the terms of the flood insurance policy and contends, therefore, that appointment of an umpire is not warranted. Accordingly, Omaha seeks summary judgment on the ground that the claim is not payable under the terms of the policy.

## II. Analysis

The policy at issue is a standard flood insurance policy Omaha issued to Ambassador through the National Flood Insurance Program. The program is operated by the Federal Emergency Management Agency (FEMA) and claims are paid by funds from the federal treasury. *See* 42 U.S.C. § 4017(d); 44 C.F.R. § 62.1 et seq.; *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

Omaha issued the policy to Ambassador through FEMA's "Write Your Own" (WYO) program. The program allows participating private insurance companies to issue standard flood insurance policies in their own names. *See* 44 C.F.R. § 62.23; *Gowland,* 143 F.3d at 953. "By statute, these WYO companies are fiscal agents of the United States." *Gowland,* 143 F.3d at 953 (citing 42 U.S.C. § 4071). FEMA controls the terms and conditions of all standard flood insurance policies, including the ones issued by WYO companies. *See id.* No provision of the standard flood insurance policy can be altered or waived without the express written consent of the Federal Insurance Administrator. *See id.*

The particular provision of the standard flood insurance policy at issue in the instant case is the requirement that a proof of loss be submitted by the insured within 60 days of the loss. No exception allows the insured to submit an amended or supplemental proof of loss after the 60 days, even if the insured later discovers that the flood damage it sustained exceeds the amount stated in the original proof of loss. *See Dogwood Grocery, Inc. v. South Carolina Ins. Co.,* 49 F.Supp.2d 511, 513, (W.D.La.1999); *Messa v. Omaha Property and Cas. Ins. Co.,* 122 F.Supp.2d 523, 529–30 (D.N.J.2000). Furthermore, once a claim is adjusted and payment on the claim is accepted, no additional payments are authorized under the provisions of the standard flood insurance policy. *See Dogwood Grocery, Inc.,* 49 F.Supp.2d at 513.

■ Although the parties disagree on many of the factual details surrounding the claim at issue, the material facts are not in dispute.[1] They show that Ambassador timely notified Omaha of flood damage.[2] Omaha then sent an adjuster to assess the amount of flood damage. In accordance with the adjuster's report, on December 26, 1995, Ambassador signed a proof of loss in the amount of $225,980.11. Omaha paid this amount in full to Ambassador by paying $100,000.00 in advance and the remainder upon the signing of the proof of loss. Ambassador made no other claims for payments within the 60–day period allowed for submitting the proof of loss.

These material facts demonstrate: (1) the initial claim Ambassador made was adjusted; (2) Omaha offered full payment for the claim; and (3) Ambassador accepted the payment. Accordingly, Ambassa-

---

**1.** An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law such that it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Tipton v. Bergrohr*

*GMBH–Siegen,* 965 F.2d 994, 998 (11th Cir. 1992).

**2.** Ambassador's flood damage was sustained from Hurricane Opal, which struck the Florida panhandle on October 14, 1995.

dor is not entitled to any further payments. *See Messa v. Omaha Property and Cas. Ins. Co.*, 122 F.Supp.2d 523, 529–30 (D.N.J.2000) (payment and receipt of full amount claimed on proof of loss precludes untimely claim for additional payments); *Dogwood Grocery, Inc. v. South Carolina Ins. Co.*, 49 F.Supp.2d 511, 513, (W.D.La.1999) (once a claim is adjusted and payment offered and accepted, no payments based on a subsequent amendment to the claim are authorized).

Ambassador's contention, even if true, that Omaha never properly adjusted the claim would not entitle Ambassador to any relief. Ambassador's claim for payments in excess of the amount adjusted and paid was not made within 60 days of the loss. In fact, approximately eight months passed from the date Ambassador sustained its flood damage until Ambassador contacted a public adjuster to reevaluate the amount of its flood damage. *See* doc. 34, ex. "B" (affidavit of public adjuster stating Ambassador first contacted him on June 6, 1996); ex. "A" (Ambassador Chronology). Several more months passed until the public adjuster notified Omaha of his involvement in the matter and submitted a new proof of loss for additional payments. *See id.*

 These additional payments sought by Ambassador are not authorized under the provisions of the standard flood insurance policy because they were not included in a timely proof of loss and because Ambassador accepted payment for the full amount on its initial proof of loss. *See Dogwood Grocery, Inc.*, 49 F.Supp.2d at 513; *Messa*, 122 F.Supp.2d at 529–30. Furthermore, Ambassador's argument that its claim for additional payments was timely because Omaha treated it as timely (by taking actions to process the claim and settle it), is unavailing. The theories of waiver and estoppel are not applicable in cases where the insurer is an agent of the United States, as Omaha is with regard to the standard flood insurance policy. *See Gowland*, 143 F.3d at 954–55; *Messa*, 122 F.Supp.2d at 530–32. Therefore, the actions by Omaha cannot relieve Ambassador from the timely proof of loss requirement of the standard flood insurance policy.

### III. Conclusion

Omaha paid Ambassador for the full amount of flood damages claimed in Ambassador's initial proof of loss. Ambassador's claim for additional payments was not supported by a timely proof of loss. The claim for additional payments is not authorized under the terms of the standard flood insurance policy. Based on the foregoing, it is hereby

ORDERED AND ADJUDGED:

1. Omaha's Motion for Summary Judgment (doc. 22) is granted.

2. In accordance with the granting of summary judgment, Ambassador's Petition to Appoint Umpire (doc. 3) is denied and the clerk is directed to close this case.